## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MATTIE SMITH-MINTON, | Case No. 1: 23 CV 2463 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| JUDGE TONYA R. JONES, *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

### Background

*Pro se* Plaintiff Mattie Smith-Minton filed this action against Cuyahoga Court of Common Pleas Domestic Relations Division Judge Tonya R. Jones and Wayne E. Minton, Sr. With her initial complaint (Doc. No. 1), she filed a motion to proceed *in forma pauperis* (Doc. No. 2) and a "Motion to Deposit Funds." (Doc. No. 3.) On January 8, 2024, she filed an Amended Complaint (Doc. No. 4), which is now her operative pleading and will be referred to herein as the "Complaint."

Plaintiff's Complaint and Motion to Deposit Funds are incomprehensible. She appears to contend Defendants acted unlawfully in connection with a state domestic relations case in Cuyahoga County involving Plaintiff and her ex-husband (Defendant Wayne Minton) over which Judge Tonya Jones presided. (*See id.* at 7, ¶ 4.) But her pleadings set forth neither cogent factual allegations nor legal claims. Rather, her Complaint sets forth unclear statements and references to the Uniform Commercial Code and the Privacy Act of 1974, and it lists claims only under various federal criminal laws, including for "attempted conspiracy to commit trespass," "securities and commodities fraud," "wire fraud conspiracy," and "treason." (*Id.* at 3-5.) The only relief she seeks is "that a warrant be

issued for the arrests of the defendants, and that they both be arrested and imprisoned, or bailed, as . . . many other victims may be harmed by their unlawful actions." (*Id*. at 8.)

### Standard of Review

*Pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.2011). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in district court and to dismiss before service and such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous and warrants dismissal if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir. 1990). A complaint fails to state a claim on which relief may be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

### Discussion

The Court finds that Plaintiff's Complaint must be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B). To meet the minimum pleading requirements necessary to state a claim in federal court, a complaint's allegations must be sufficient to give the defendants and the court fair notice of what her claims are and the factual bases upon which they rest. *Bassett v. National Collegiate*

2

*Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's incoherent pleadings do not meet basic pleading requirements.

In addition, the Complaint even liberally construed fails to state any non-frivolous legal claim. Plaintiff has no viable legal claim under the UCC or any theory of commercial law referred to in her Complaint. *See, e.g., Johnson v. Ohio*, 1: 14 CV 1419, 2015 WL 106163, at *3 (N.D. Ohio Jan. 7, 2015) (plaintiff has no viable legal claim that he is a secured party creditor under the UCC or is entitled to the relief he seeks under any theory of commercial law). And criminal statutes like those she sites "generally do not create private causes of action." *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. 2018).

Finally, in any case, the Court is without jurisdiction or authority to afford Plaintiff the only relief she seeks, the issuance of warrants for the arrest of Defendants and their imprisonment. The prosecution of criminal statutes is a matter left to the sound discretion of law enforcement authorities. Plaintiff lacks standing, in her capacity as a private citizen, to initiate or compel the initiation of federal criminal proceedings. *Booth v. Henson*, 290 Fed. Appx. 919, 920-21 (6th Cir. 2008) ("the only prayer for relief sought in Booth's complaint, the issuance of a warrant for the arrest of the defendants, is not available to a private citizen"); *United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir.2003) (district court properly dismissed citizen's claim filed pursuant to 18 U.S.C. § § 241 and 242 because he had no private right of action to initiate a federal criminal prosecution).

## Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the reasons stated above, her Complaint is dismissed pursuant to 28 U.S.C. §

3

1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*

PAMELA A. BARKER

Date:     March 22, 2024     U. S. DISTRICT JUDGE

4